IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **PRENTICE BERNARD MORGAN,** | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | CIVIL No: 5:13-CV-0202-MTT-CHW |
| **GEORGE IVEY,** *et. al.*, | : | |
| Defendants | : | |

### ORDER

Plaintiff **PRENTICE BERNARD MORGAN**, an inmate currently confined at Telfair State Prison, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. According to the Complaint, however, Plaintiff did not "present the facts relating to [his claims] to the appropriate grievance committee" prior to filing this suit in federal court. (Doc. 1 at p.3). When asked, on the complaint form, why he did not utilize the grievance procedure, Plaintiff answered, "[a]ny grievance you write at Hancock State Prison will be denied no matter how right you [are]." (*Id.* at p. 4). Plaintiff thus concedes, on the face of his Complaint, that he did not submit an administrative grievance prior to filing this action.

Thus, shortly after Plaintiff's Complaint was filed and before a filing fee was paid, the United States Magistrate Judge advised Plaintiff that his Complaint may be subject to dismissal for failure to exhaust his administrative remedies. The Magistrate Judge then provided Plaintiff with the opportunity to either (1) voluntarily dismiss his Complaint and thereby avoid incurring liability for the $350.00 filing fee or (2) supplement his Complaint with information explaining why his claims should not be dismissed for lack of exhaustion. See Order, June 18, 2003 (Doc. 7). Plaintiff subsequently filed his trust account statement and paid an initial filing fee; but, no supplement was ever filed. Plaintiff has

thus apparently chosen to go forward without providing a supplement, despite the Magistrate Judge's sound advice.

As Plaintiff was previously advised, the exhaustion of available administrative remedies is a mandatory requirement. *Porter v. Nussle*, 534 U.S. 516, 523, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002); 42 U.S.C. §1997e(a). This exhaustion requirement cannot be waived even when the grievance process is futile or inadequate. *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007); *Alexander v Hawk*, 158 F.3d 1321, 1325 26 (11th Cir. 1998); *see also, Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000). Thus, before filing a §1983 complaint in a federal court, a prisoner must file an administrative grievance and receive a ruling on the grievance. *Brown*, 212 F.3d at 1207. The prisoner must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. *See Woodford*, 548 U.S. at 93. If a prisoner failed to file a grievance within the initial time allotted, he is required to file an out-of-time grievance to exhaust his administrative remedies. *Bryant v. Rich*, 530 F.3d 1368, 1378-79 (11th Cir. 2008). A prisoner likewise "cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance was ignored." *Hartley v. CMS Medical*, No. 4:11–cv–02017–WMA–JEO, 2012 WL 6824153, at * 5 (N.D. Ala. Dec 10, 2012) (citing *Wright v. Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001) (merely filing a grievance without further action does not demonstrate exhaustion under PLRA).

Of course, "failure to exhaust administrative remedies" is an affirmative defense, and prisoners are not required to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). A complaint may be dismissed for failure to exhaust only "if the lack of exhaustion appears on the face of the complaint." *Burns v. Warden*, 482 F. App'x 414, 416 (11th Cir. 2012) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). "Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." *Id.*; *see also Jones*, 549 U.S. at 216.

In this case, it is clear, on the face of the Complaint, that Plaintiff has not exhausted all administrative remedies available to him; and despite being given the opportunity, Plaintiff has not provided the Court with any additional information to the contrary. Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff's Complaint must be **DISMISSED** without prejudice, pursuant to §1997e, for failure to exhaust administrative remedies.

The dismissal of this complaint does not relieve Plaintiff of his obligation to pay the Court's filing fee, however. He is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). As Plaintiff was previously advised, the filing fee is not refundable, regardless of the outcome of Plaintiff's case. Plaintiff is thus liable for this cost even when the Court dismisses his claims prior to service. See Order, July 22, 2013 (Doc. 10).

For this reason, it is **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit and the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full. If Plaintiff is released from custody and fails to remit payments, collection of any balance due is authorized by any means permitted by law.

-4-

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is presently confined.

**SO ORDERED**, this 1st day of October, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr

-4-

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is presently confined.

**SO ORDERED**, this 1st day of October, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr