**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PRENTICE BERNARD MORGAN,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL ACTION: 5:13-CV-0202-MTT** |
| **GEORGE IVEY, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

Plaintiff Prentice Bernard Morgan, a state inmate currently confined at the Telfair

State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   Plaintiff's

Complaint was subsequently dismissed prior to service, pursuant to 42 U.S.C. §1997e,

for failure to exhaust his administrative remedies.   *See* Order, Oct. 1, 2013 (Doc. 11).

The Court has now received a letter (Doc. 11) from Plaintiff and will construe it as a

motion for reconsideration.

In his letter, Plaintiff argues that his Complaint should not have been dismissed

because he sent a letter to the Court, prior to dismissal, which stated that he had "put in a

grievance."   This grievance "is still pending now."   Plaintiff's letter also complains about

the Court's filing fee.   He asserts that "the paper" he filed "said [it cost] $150.00 to fill in

the paperwork."   Plaintiff further questions why the Court "increased" his payments

towards the filing fee from ten to twenty percent of his monthly account balance.

As alleged, Plaintiff did attach a cover letter when he submitted his trust account

statement for filing (Doc. 9-1), and this letter included the statement "grievance have been

done check file."   It is unclear what "file" Plaintiff is referring to in his letter; no information about this grievance was submitted to the Court prior to the dismissal.   Plaintiff chose not to file a separate supplement explaining why his claims should not be dismissed for lack of exhaustion, despite the Court's clear direction to do so.

Even if Plaintiff had attempted to supplement his Complaint with the information contained in his letters, §1997e requires that a prisoner do more than simply file an administrative grievance.   A prisoner must take each required step within the administrative process *before* filing a complaint in federal court.   42 U.S.C. §1997e; *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007).   *See also, Morefield v. Smith*, 404 Fed. App'x 443, 445 (11th Cir. 2010); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008).   Plaintiff's letters only allege that a "grievance [has] been done" and is now under review.   Because his Complaint plainly states that <u>no</u> grievance had been filed (Complaint at 3), it appears that Plaintiff may have submitted this grievance to prison officials sometime after this action was initiated.   Regardless, his statements show that Plaintiff has not yet taken each required step in the administrative process, as his grievance "is still getting looked at."   For either reason, the Complaint was properly dismissed under §1997e. *See id; see also Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (subsequent grievance cannot cure failure to exhaust prior to filing suit).

For these reasons, the Court also finds that Plaintiff has failed to identify a sufficient basis for reconsideration and/or relief from judgment. *See* Fed. R. Civ. P 60(b)(6). The Motion is **DENIED**.   However, Plaintiff is reminded that his Complaint was dismissed without prejudice.   Thus, once Plaintiff has exhausted his administrative

remedies, he will be free to re-file his action in federal court if the statute of limitations has not expired.[1]

Plaintiff will not be excused from paying this Court's $350.00 filing fee.   Plaintiff was fully and fairly advised of the cost of commencing this action.   This Court previously explained to Plaintiff that he would be required to pay the entire $ 350.00 filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1) *and* that this fee was "not refundable, regardless of the outcome of Plaintiff's case."   Order, July 22, 2013 (Doc. 10).   Section 1915(b)(1) specifically requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."   Thus, Plaintiff is not now entitled to any objection to these payments.   Indeed, Plaintiff was even given two opportunities to voluntarily withdraw his Complaint and "thereby avoid incurring this Court's entire $350 filing fee (for which [he is] liable even if his claims are dismissed prior to service)." *Id.; see also*, Order, June 18, 2013 (Doc. 7).   Plaintiff chose to continue with his case and is now obligated to pay the full filing fee.

**SO ORDERED**, this 1st day of November, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr

---

[1] In Georgia, § 1983 claims have a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); O.C.G.A. § 9-3-33 (1982).   This limitations period begins to run when "the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." *Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).

3